## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GRIZZ LEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-0377-CVE-FHM** |
| | ) | |
| **AMERICAN AIRLINES, INC.,** | ) | |
| **CIGNA CORP. d/b/a as Cigna Group** | ) | |
| **Insurance, TRANSPORT WORKERS** | ) | |
| **UNION OF AMERICA, and** | ) | |
| **LIFE INSURANCE COMPANY OF** | ) | |
| **NORTH AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court are the Motion to Dismiss CIGNA Corporation pursuant to Fed. R.

Civ. P. 12 (b)(2) (Dkt. # 14) and Amended Motion to Dismiss CIGNA Corporation pursuant to Fed.

R. Civ. P. 12(b)(2) (Dkt. # 23).[1]  Defendant CIGNA Corporation (CIGNA) asserts that the Court

lacks personal jurisdiction over it and plaintiff's claim against CIGNA should be dismissed.  CIGNA

also asks the Court to dismiss CIGNA as a party under Fed. R. Civ. P. 12(b)(6).  Dkt. # 27, at 1.

Plaintiff responds that CIGNA has sufficient contacts with Oklahoma that the exercise of personal

jurisdiction over CIGNA does not violate the Due Process Clause of the Fourteenth Amendment,

because CIGNA denied his insurance claim and generally conducts business in Oklahoma.

---

[1]     Based on the filing of defendant's amended motion to dismiss (Dkt. # 23), defendant's original motion to dismiss (Dkt. # 14) is moot.

**I.**

Plaintiff was employed by American Airlines, Inc. (American Airlines) and was also a member of the Transport Workers Union of America (the Union).  Plaintiff obtained disability insurance under a benefits plan offered by the Union.  Dkt. # 2, at 2.  He claimed that he suffered from early onset Alzheimer's disease, chronic depression, memory loss, migraines and tension headaches, and the side effects of medication to control these medical problems.  Id. at 8.  Plaintiff applied for long term disability (LTD) benefits in March 2009, and claims that CIGNA denied his claim.  Id. at 9.  He appealed the denial, but his appeal was denied.  Plaintiff filed this lawsuit alleging that defendants, including CIGNA and Life Insurance Company of North America (LINA), wrongfully denied his claim for LTD benefits, and he seeks relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. (ERISA).

CIGNA argues that it is not subject to personal jurisdiction in this Court, because it does not conduct business in Oklahoma or have sufficient minimum contacts with Oklahoma that would justify the exercise of personal jurisdiction over this defendant.  CIGNA is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.  Dkt. # 23-1, at 1.  CIGNA is not a licensed insurance company but, instead, is a general business corporation that serves as a holding company for the stock of other companies.  Id.  CIGNA has submitted the affidavit of Frank Barlow, Accounting Director for CIGNA, who states that:

> CIGNA Corporation has no office or place of business in the State of Oklahoma, nor does it own or lease real property in the State of Oklahoma.  CIGNA Corporation is not licensed or registered to do business in Oklahoma.  CIGNA Corporation has not conducted any business in Oklahoma and does not now conduct any business in Oklahoma.  CIGNA Corporation does not pay income tax or other taxes in the State of Oklahoma.  CIGNA Corporation has no bank accounts in the State of Oklahoma.  CIGNA Corporation has no agents or employees in the State of Oklahoma and does not conduct or carry on any business venture in the State of Oklahoma.  CIGNA

2

> Corporation has not processed, manufactured or sold any products, materials, or things which have been used or consumed, within the State of Oklahoma in the ordinary course of commerce, trade, or use. CIGNA Corporation does not conduct business through any of its subsidiaries, including [LINA], in the State of Oklahoma or any other state. CIGNA Corporation is not a party to any contract performable, in whole or in part, within the State of Oklahoma.

Id. at 2. Barlow also states that CIGNA does not administer or process insurance claims for LTD benefits and it had no role in the denial of plaintiff's claim for LTD benefits. Id. at 3. CIGNA is an indirect parent company of LINA, but Barlow states that CIGNA does not participate in the day to day operations of LINA. Id.

Plaintiff has identified the moving defendant as "CIGNA Corporation doing business as CIGNA GROUP INSURANCE," and makes no distinction between the two entities when discussing the denial of his claim for LTD benefits. He states that "CIGNA, not LINA, was the company issuing the denial letters to [p]laintiff [and] [t]his decisional activity goes beyond that of a mere holding company and supports a finding of an alter ego relationship." Dkt. # 26, at 5. He also claims that CIGNA actively pursued a contractual relationship with American Airlines and the Union, and CIGNA purposefully directed its conduct toward Oklahoma. Id. Plaintiff relies on letters with the letterhead "CIGNA Group Insurance" to show that CIGNA conducts business in Oklahoma and participated in the denial of his LTD benefits claim. See Dkt. # 26, at 12-17. Each letter was sent to plaintiff by "CIGNA Group Insurance" and concerns plaintiff's claim for LTD benefits. In small print at the bottom of each letter, plaintiff is advised that:

> CIGNA Group Insurance is a registered service mark of CIGNA Intellectual Property, Inc., licensed for use by insurance company subsidiaries of CIGNA Corporation, including [LINA], CIGNA Life Insurance Company of New York and Connecticut General Life Insurance Company. Products and services are provided by these insurance company subsidiaries and not by CIGNA Corporation.

Id. at 12.

3

## II.

CIGNA argues that the Court lacks personal jurisdiction over it, because it is a foreign corporation that does not generally conduct business in Oklahoma and it had no role in the denial of plaintiff's claim for LTD benefits.  Plaintiff refers to this defendant as "CIGNA doing business as CIGNA GROUP INSURANCE," and claims that CIGNA Group Insurance subjected itself to the jurisdiction of this Court by denying his claim for LTD benefits.  The parties' briefing evidences confusion on two issues that are critical to the resolution of CIGNA's amended motion to dismiss. First, the parties rely on the legal standards applicable to the due process analysis under the Fourteenth Amendment and a state's power to exercise personal jurisdiction over a non-resident defendant.  However, plaintiff has sued defendants under a federal statute authorizing nationwide service of process, and the parties fail to consider whether this impacts the personal jurisdiction analysis.[2]  Second, plaintiff's response is based on the assumption that CIGNA Corporation should be treated as the same legal entity as "CIGNA Group Insurance."  However, as will be discussed below, "CIGNA Group Insurance" is simply a trademark and is not an actual corporation.  The Court has reviewed the parties' briefing and finds that CIGNA's motion is more properly treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  The parties are not truly disputing whether the Court has personal jurisdiction over CIGNA.  Instead, the actual dispute is

---

[2]     Plaintiff filed an ERISA claim against CIGNA, and ERISA authorizes nationwide service on a defendant. 29 U.S.C. § 1132(e)(2) ("process may be served in any other district where a defendant resides or may be found . . ."). The Tenth Circuit has determined that ERISA, not the long-arm statute of the state where the district is located, is the statutory basis for personal jurisdiction over a defendant.  Peay V. BellSouth Medical Assistance Plan, 205 F.3d 1206 (10th Cir. 2000).  As long the plaintiff's selected forum is not "unduly inconvenient," the due process requirements of the Fifth Amendment will ordinarily be satisfied and the exercise of personal jurisdiction over a non-resident defendant will be proper.  Id. at 1212.

whether CIGNA is merely a holding company or if it is the insurer that actually denied plaintiff's claim for LTD benefits.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant.  Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

CIGNA argues that it is not an insurance company as alleged by plaintiff and it had no part in the denial of his claim for LTD benefits.  Plaintiff argues that "CIGNA Group Insurance" denied his claim for LTD benefits and the case caption identifies this defendant as "CIGNA Corporation

doing business as CIGNA GROUP INSURANCE."  He has produced letters from "CIGNA Group Insurance" concerning the processing and denial of his LTD benefits claim.[3]  However, plaintiff fails to note that each letter states in small print that:

> CIGNA Group Insurance is a registered service mark of CIGNA Intellectual Property, Inc. licensed for use by insurance company subsidiaries of CIGNA Corporation, including [LINA], CIGNA Life Insurance Company of New York and Connecticut General Life Insurance Company.  Products and services are provided by these insurance companies and not by CIGNA Corporation.

Dkt. # 26, at 12.  Each letter also identifies the underwriting company as LINA.  It appears that "CIGNA Group Insurance" is a trademark used by subsidiaries of CIGNA that provide insurance coverage, and LINA is one of these subsidiaries.  The evidence produced by plaintiff does not show that CIGNA Corporation had any role in denying his claim for LTD benefits or that it conducted business in Oklahoma.  On the contrary, the letters support CIGNA's claim that it is a holding company which has no contacts with the Oklahoma, and show that plaintiff has sued a trademark and not a corporate entity of any kind.

Plaintiff's complaint is permeated with this confusion about the identity of his insurer, but the evidence specifically referenced in the complaint shows that CIGNA had no role in denying his claim for LTD benefits.  The letters clearly establish that LINA was plaintiff's insurer, and "CIGNA Group Insurance" is not a corporate entity of any kind.  In any event, the dismissal of CIGNA will have no effect on plaintiff's ability to recover damages from the appropriate party.  CIGNA Group

---

[3]     When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court may "consider documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute the documents' authenticity" without converting the motion into a motion for summary judgment. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Plaintiff's complaint specifically references these letters and uses these letters to support his allegations that CIGNA denied his claim for LTD benefits, and consideration of the letters does not convert defendant's motion to dismiss into a motion for summary judgment.

Insurance is a trademark for three insurance companies, including LINA, and plaintiff has named LINA as a defendant.  The parties have submitted a joint status report, and the parties have stipulated that LINA, not CIGNA, denied plaintiff's claim for LTD benefits.  Dkt. # 24, at 3. Therefore, plaintiff has named the appropriate defendant as a party and, should he prevail on his ERISA claim, he will be able to recover the full amount of his unpaid LTD benefits from his actual insurer.  CIGNA has no connection to this lawsuit and should be dismissed as a party.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss CIGNA Corporation pursuant to Fed. R. Civ. P. 12 (b)(2) (Dkt. # 14) is **moot**, and the Amended Motion to Dismiss CIGNA Corporation pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. # 23) is **granted**.  CIGNA Corp. is hereby **terminated** as a party.

**DATED** this 15th day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT