# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRIZZ LEE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 10-CV-377-CVE-FHM |
| | ) |
| AMERICAN AIRLINES, INC.; | ) |
| CIGNA CORP, doing business as | ) |
| CIGNA GROUP INSURANCE; | ) |
| TRANSPORT WORKERS UNION | ) |
| OF AMERICA; and LIFE INSURANCE | ) |
| COMPANY OF NORTH AMERICA, | ) |
| a Subsidiary of CIGNA Corporation, | ) |
| | ) |
|   Defendants. | ) |

## ORDER

Plaintiff's Motion to Supplement Administrative Record [Dkt. 31] has been referred to the undersigned United States Magistrate Judge for an evidentiary hearing. [36]. Defendant filed a response [Dkt. 34] and Plaintiff filed a reply which is contained in Plaintiff's Motion for Enlargement of Time to Supplement Administrative Record [Dkt. 39]. An evidentiary hearing was held on December 14, 2010.

Plaintiff seeks to supplement the administrative record with records of Plaintiff's office visits to Dr. Koenig on October 29, 2009 and November 24, 2009. Plaintiff contends these records were submitted to Defendant for consideration prior to Defendant's final denial of benefits and should be part of the administrative record for review by the Court. In response, Defendant contends that these records were not submitted to Defendant or considered by Defendant during its review of Plaintiff's claim and, therefore, should not be part of the administrative record for review by the Court.

The motion presents the factual question whether the October 29, 2009 and November 24, 2009 records were submitted to Defendant. If the records were in fact submitted to Defendant, then the Court may consider them in its review of the administrative decision. In *Jewell v. Life Ins. Co. of North America*, 508 F.3d 1303, 1311 (10th Cir. 2007) the Court stated that where an administrator neglects to include in the records exhibits submitted by an ERISA claimant, those records may be offered to the district court. An ERISA claimant may demonstrate that evidence was submitted to the administrator and due to the administrator's default, the information was not included in the record. *Id.* at 1312.

At the evidentiary hearing Plaintiff and his wife testified that, with the assistance of an employee of the union, they collected and sent medical records to Defendant in support of Plaintiff's claim. Both witnesses candidly acknowledged, however, that they cannot testify that the October 29, 2009 and November 24, 2009 records were among the records sent to Defendant. Plaintiff's attorney pointed to four documents in the administrative record [Dkt. 28] as evidence that the October 29, 2009 and November 24, 2009 records were sent to Defendant. These documents are bates-stamped 027, 028, 037 and 265.

Document 037, dated September 22, 2009, documents a telephone call from Defendant to Plaintiff advising Plaintiff that he had until November 6, 2009, to submit information to support his claim and that without some objective testing, his claim faces medical denial. Document 265, dated November 19, 2009, reflects that new information was received by Defendant but does not indicate the content of the information. Document 027, dated November 23, 2009 at 10:55 a.m., documents a

2

telephone call, apparently from Plaintiff's union representative, wherein Defendant was asked if Defendant received the new information provided and Defendant advised that the claim remains closed and stated that claimant has appeal rights.  Document 028, dated November 23, 2009 at 11:53 a.m., indicates new information was received and that the claim remains closed, but does not indicate the content of the new information.

From these documents, the Court can conclude that Defendant received new information on or before November 19, 2009.  However, it is not clear what the new information was or whether that information is contained in the administrative record before the Court.  It is also unclear whether the notations that the claim remains closed and that claimant has appeal rights mean that the new information was not added to the record.  Based on the date of the notation, it is possible that the new information contains the October 29, 2009 record.  Obviously, a submission on or before November 19, 2009 could not include the November 24, 2009 record.

Defendant has pointed out that the denial decision dated October 29, 2009, specifically identified the records considered and did not include the October 29, 2009 or November 24, 2009 records.  Defendant also notes that Plaintiff's appeal letter dated January 12, 2010, specifically listed its enclosures and did not list the October 29, 2009 or November 24, 2009 records.  In addition, Defendant points out that the records listed by the doctors who considered Plaintiff's appeal did not include the October 29, 2009 or November 24, 2009 records.

Based on the foregoing, the Court can conclude that the October 29, 2009 and November 24, 2009 records were not considered by Defendant in its denial decision and its decision on appeal.  The Court can also conclude that Plaintiff did not submit the

3

October 29, 2009 and November 24, 2009 records with his appeal. It is possible, however, that Plaintiff's union representative submitted the October 29, 2009 record to Defendant and that record is the new information referred to in documents 265, 027 and 028. The Court notes that Defendant's records do not identify what the new information was or what Defendant did with the new information. There is no indication that the new information was included in the administrative record.

Based upon the evidence before the Court, the undersigned finds that the record dated November 24, 2009, was not submitted to Defendant and Plaintiff's Motion to Supplement Administrative Record [Dkt. 31] is DENIED as to the November 24, 2009 record.

Although it is not clear whether the October 29, 2009 record was submitted to Defendant, the evidence is clear that some new information was submitted on or before November 19, 2009. Defendant did not identify what new information was received, consequently there is no way to know whether the new information was included in the administrative record. It is possible that the new information was the October 29, 2009 record. Defendant, rather than Plaintiff should bear the consequences of the failure to identify what new information was received and the resultant uncertainty about whether that information is contained in the administrative record before the Court. Therefore, Plaintiff's Motion to Supplement the Administrative Record [Dkt. 31] is GRANTED as to the October 29, 2009 record.

SO ORDERED this 19th day of January, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE