# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRIZZ LEE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 10-CV-377-CVE-FHM |
| ) | |
| AMERICAN AIRLINES, INC.; ) | |
| CIGNA CORP, doing business as ) | |
| CIGNA GROUP INSURANCE; ) | |
| TRANSPORT WORKERS UNION ) | |
| OF AMERICA; and LIFE INSURANCE ) | |
| COMPANY OF NORTH AMERICA, ) | |
| a Subsidiary of CIGNA Corporation, ) | |
| ) | |
| DEFENDANTS. ) | |

## ORDER

Plaintiff's Motion for Enlargement of Time to Supplement Administrative Record [Dkt. 39] is before the Court for decision. Defendant has filed a response and the time to file a reply has expired.

Plaintiff seeks an order allowing him to supplement the administrative record with evidence of the medical treatment he received subsequent to Defendant's decision denying his claim for benefits. Plaintiff did not identify the specific evidence he wants considered. In support of his motion, Plaintiff contends that the de novo standard of review applies to this case and that under *Hall v. UNUM*, 300 F.3d 1197 (10th Cir. 2002), supplementation of the administrative record is appropriate. (supplementation of record allowed under exceptional circumstances).

Plaintiff has not presented support for his assertion that the de novo standard of review applies to this case. In Defendant's response to Plaintiff's earlier motion to supplement the administrative record [Dkt. 34], Defendant set forth the contract

language the Defendant contends confers discretion on the administrator. Based upon those contract provisions and in light of Plaintiff's failure to discuss them or illuminate the rational for contending a de novo review is appropriate, it appears that the arbitrary and capricious standard of review will apply to this case which will make the *Hall* exceptional circumstances analysis inapplicable.

If the de novo standard of review does apply, Plaintiff has not established that the administrative record should be supplemented. Even under the de novo standard, the Court does not make the claims decision anew. *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1308 (10th Cir. 2007)(court does not function as a substitute plan administrator). Accordingly, when "exceptional circumstances" exist under *Hall*, which make the supplementation of the record appropriate, the supplemental evidence must relate to the administrator's decision and must also qualify as necessary under the criteria suggested in *Hall*. *Hall*, 300 F.3d at 1203. In this case, Plaintiff has not identified the specific supplemental evidence and has not made any attempt to demonstrate the necessity of the supplementation.

Plaintiff's Motion for Enlargement of Time to Supplement Administrative Record [Dkt. 39] is DENIED.

SO ORDERED this 19th day of January, 2011.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2